Stacey WEBB, Plaintiff–Appellee,

v.

DOUGLAS COUNTY, a political subdivision of the State of Oregon; Calvin Graham; Chris Brown, in his official capacity of the sheriff of Douglas County, Defendants,

and

Fred Luke Herscher, Defendant–Appellant.

Stacey Webb, Plaintiff–Appellee,

v.

Douglas County, a political subdivision of the State of Oregon; Calvin Graham; Chris Noffsinger; Chris Brown, Defendants–Appellants,

and

Fred Luke Herscher, D.O., Defendant.

Nos. 05–35481, 05–35556.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2007.

Filed March 12, 2007.

Daniel M. Holland, Esq., Ronald B. Terzenbach, Esq., Loomis & Holland, Eugene, OR, Steven Beardsley, Beardsley, Jensen & Von Wald, Rapid City, SD, for Plaintiff–Appellee.

Ronald G. Guerra, Douglas County Human Resources Department, Roseburg, OR, for Defendants.

Edward H. Talmadge, Esq., Steven H. Pratt, Frohnmayer, Deatherage, Pratt, Jamieson, Clarke & Moore, PC, Medford, OR, for Defendant–Appellant/Defendant.

Jens Schmidt, Esq., Ross M. Williamson, Esq., Harrang Long Gary Rudnick, PC, Eugene, OR, for Defendants/Defendant–Appellant.

Before: THOMPSON, KLEINFELD, and BYBEE, Circuit Judges.

## MEMORANDUM *

Defendants–Appellants Douglas County, Calvin Graham, Sheriff Chris Brown ("County Defendants"), and Fred Luke Herscher, D.O., appeal the district court's denial of their motions for summary judgment. They argue that Defendants–Appellants Graham and Herscher are entitled to qualified immunity against Plaintiff–Appellee Stacey Webb's 42 U.S.C. § 1983 claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment. Webb's guardian ad litem filed this suit on Webb's behalf after Webb, who had complained of a four-day headache upon admission to the Douglas County Jail, suffered a seizure and disabling brain aneurysm within seventy-two hours of incarceration.

As an initial matter, we grant Defendants–Appellants' motion to strike the portion of Plaintiff–Appellee's brief beginning with line thirteen of page seven and continuing through line two of page eight. In reviewing a district court's decision on summary judgment, this court may only consider issues of fact that were properly presented to the district court. *Harkins Amusement Enters., Inc. v. Gen. Cinema Corp.*, 850 F.2d 477, 482 (9th Cir.1988). The information on pages seven and eight of Plaintiff–Appellee's brief was not authenticated and was not properly presented to the district court in connection with the parties' motions for summary judgment. *See Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir.2002). Therefore, this court will not consider it on appeal, and it is stricken from Plaintiff–Appellee's brief.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We decline to address Dr. Herscher's qualified immunity argument because Dr. Herscher did not move for dismissal based on qualified immunity in the district court. *See Price v. Hawaii,* 939 F.2d 702, 707 (9th Cir.1991). The parties did not brief the issue in the district court, and the district court was not given an opportunity to consider it. *Cf. City of Auburn v. Qwest Corp.,* 260 F.3d 1160, 1173 (9th Cir.2001); *Bibeau v. Pac. Nw. Research Found., Inc.,* 188 F.3d 1105, 1111 n. 5 (9th Cir.1999), *amended by* 208 F.3d 831 (9th Cir.2000). The issue is therefore not properly before us.

Regarding Defendant–Appellant Graham's claim of qualified immunity, we have jurisdiction over his interlocutory appeal of the district court's denial of summary judgment to the extent that "the issue appealed concerns whether the facts demonstrated a violation of clearly established law." *See Kennedy v. City of Ridgefield,* 439 F.3d 1055, 1059 (9th Cir. 2006).

"[A]ssuming all conflicts in the evidence are resolved in [Webb]'s favor," *Lee v. Gregory,* 363 F.3d 931, 932 (9th Cir. 2004), we conclude that a jury could find Graham violated Webb's constitutional " 'right not to have officials remain deliberately indifferent to [her] serious medical needs,' " *Gibson v. County of Washoe,* 290 F.3d 1175, 1187 (9th Cir.2002) (quoting *Carnell v. Grimm,* 74 F.3d 977, 979 (9th Cir.1996)), when Graham ignored Dr. Herscher's order to call him if Webb's headache worsened or recurred despite treatment with Motrin, an over-the-counter pain reliever.

The facts in the record, construed in Webb's favor, are sufficient to find that Dr. Herscher ordered Graham to call him if Webb's headache worsened or recurred after treatment. Having received this order, Graham failed to follow it on December 16, 2000, after Webb had received all three of her regularly scheduled doses of Motrin and continued to complain of the same headache she had been experiencing for nearly a week. Instead of calling Dr. Herscher at that point, Graham dispensed two unprescribed Tylenol to Webb and returned to his post in the jail. Webb introduced additional evidence that, if assumed to be correct, would allow the jury to conclude that Graham knew, prior to dispensing the Tylenol and failing to call Dr. Herscher, that Webb's family had a history of cerebral aneurysm.

The law in this circuit is clearly established that "a prison official acts with deliberate indifference when he ignores the instructions of the prisoner's treating physician or surgeon." *Wakefield v. Thompson,* 177 F.3d 1160, 1165 (9th Cir.1999); *see also Lopez v. Smith,* 203 F.3d 1122, 1131–32 (9th Cir.2000) (determining evidence of deliberate indifference was sufficient to overcome summary judgment where prison officials disregarded hospital orders by feeding a prisoner a blended, instead of a liquid, diet and examining him at the prison clinic instead of returning him to the hospital for weekly follow-up appointments). A reasonable emergency medical technician working at a jail, such as Graham, would not have believed that he could ignore a doctor's standing order, especially when that order regarded a detainee with a family history of cerebral aneurysm. *See Ford v. Ramirez–Palmer (In re Estate of Ford),* 301 F.3d 1043, 1050 (9th Cir.2002). A reasonable jury could find that Graham acted with deliberate indifference when he gave Webb an additional over-the-counter pain medication instead of calling Dr. Herscher, as Dr. Herscher had ordered him to do.

**AFFIRMED.**